# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | * |
| DANIEL JENSON, | * |
| | *  No. 17-482V |
| Petitioner, | *  Special Master Christian J. Moran |
| | * |
| v. | *  Filed: May 4, 2022 |
| | * |
| SECRETARY OF HEALTH | *  Attorneys' fees and costs. |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * | * |

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

   Daniel Jenson prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded **$122,896.22**.

* * *

   Represented by attorney John Howie, Mr. Jenson filed his petition on April 4, 2017, alleging that an influenza ("flu") vaccine caused him to suffer Guillain-Barré syndrome ("GBS"). After the Secretary found the evidence insufficient to support this claim, Mr. Jenson retained an expert witness, neurologist Dr. Lawrence Steinman, to file a report. Dr. Steinman wrote such a report, and later

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

wrote supplemental reports in response to reports from an expert the Secretary retained.  After discussions, the parties resolved this case.  The parties submitted a stipulation that a decision incorporated.  Decision, 2021 WL 856061 (Feb. 3, 2021).

On May 12, 2021, Mr. Jenson filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $125,396.22, comprised of $101,745.70 in attorneys' fees and $23,650.52 in attorneys' costs.  Mr. Jenson did not incur any costs.

The Secretary filed a response to Mr. Jenson's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed May 13, 2021, at 2.  With respect to amount, the Secretary recommended "that the [special master] exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Jenson received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

I.     **Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

Due to the lack of objection from the Secretary, the undersigned has reviewed the amount requested for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.     Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[2]

Mr. Jenson requests compensation for attorneys John Howie, Zara Najam, and Michael Gross, as well as paralegals who assisted them. Mr. Howie has charged $350 per hour in 2015-2016, $363 per hour in 2017, $383 per hour in 2018, $395 per hour in 2019, and $420 per hour in 2020, and $441 per hour in 2021. Ms. Najam charged $225 per hour in 2013-2016 and $233 per hour in 2017. Mr. Gross charged $160 per hour in 2017-2018 and $182 per hour in 2019. The paralegal rates varied over the years, ranging from $135 per hour to $148 per hour.

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, 2021 and 2022 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Mr. Howie also justified the rates for an employee (Elisa Bautista) that has taken on increasing paralegal responsibilities. Ms. Bautista charged $50 per hour in 2016-2017, $65 per hour in 2018, $80 per hour in 2019, and $148 per hour in 2020. These rates are all reasonable. Martin v. Sec'y of Health & Hum. Servs., No. 19-1661V, 2022 WL 226058 (Fed. Cl. Spec. Mstr. Jan. 4, 2022); Garcia v. Sec'y of Health & Hum. Servs., No. 19-1418V, 2021 WL 2349998 (Fed. Cl. Spec. Mstr. May 7, 2021).

  B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The attorneys charged a few hours that involved detailed reviews of the medical records, which should have been billed at paralegal rates. Similarly, attorney hours were improperly billed for preparing and filing exhibits. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Hum. Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.").

Additionally, some paralegals charged for time spent filing documents or Bates stamping exhibits. These activities should not be charged at all. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Hum. Servs., 38 Fed. Cl. 403, 407-08 (1997). Accordingly, to accomplish rough justice, the undersigned will reduce Mr. Jenson's fees award by $2,500.

For these reasons, Mr. Jenson is awarded $99,245.70 in attorneys' fees.

## II. Costs

In addition to seeking an award for attorneys' fees, Mr. Jenson seeks compensation for costs expended, totaling $23,650.52. The costs for routine items,

4

such as medical records and the filing fee are reasonable. Mr. Jenson is awarded these costs ($2,925.52) in full.

The balance ($20,725.00) is for the work of Dr. Steinman. His invoice presents a reasonable hourly rate and a reasonable number of hours.

For these reasons, Mr. Jenson is awarded the amount requested in attorneys' costs, $23,650.52.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $122,896.22 ($99,245.70 in fees and $23,650.52 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $121,896.22 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $122,896.22 in the form of a check made payable to petitioner and petitioner's attorney, John Howie, Jr., of Howie Law, P.C., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.